Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
***Attorneys for Plaintiffs***
***P.E.G. Entertainment Group, LLC and***
***P.E.G. Entertainment, LLC***

Of Counsel:
Robert Tucker
Afschineh Latifi
Tucker & Latifi LLP
160 East 84th Street
New York, New York 10028
Telephone: (212) 472-6262
Facsimile: (212) 744-6509

FILED

08 JAN 17 PM 3:10

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**'08 CV 0098 BEN AJB**

| | |
|---|---|
| P.E.G. ENTERTAINMENT, LLC, a New York Limited Liability Company; and P.E.G. ENTERTAINMENT GROUP, LLC, a New York Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> BAR PINK ELEPHANT, an unknown business entity; JOHN A. REIS, an individual; AMI RACHELLE REIS, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. ***TRADEMARK INFRINGEMENT (15 U.S.C. §1114);*** <br><br> 2. ***TRADEMARK DILUTION (15 U.SC. §1125);*** <br><br> 3. ***INFRINGEMENT OF CALIFORNIA AND COMMON LAW;*** <br><br> 4. ***INJURY TO BUSINESS REPUTATION AND DILUTION (Cal. Bus. & Prof. Code §14330);*** <br><br> 5. ***UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208);*** <br><br> 6. ***UNJUST ENRICHMENT*** <br><br> **JURY TRIAL DEMANDED** |

1.

**COMPLAINT FOR DAMAGES**

1    Plaintiffs P.E.G. Entertainment, LLC and P.E.G. Entertainment Group, LLC
2  (hereinafter collectively "PEG" or "Plaintiffs") for their claims against Defendants
3  BAR PINK ELEPHANT, John A. Reis, and Ami Rachelle Reis (hereinafter
4  collectively "Defendants"), respectfully alleges as follows:

5  <center>**JURISDICTION AND VENUE**</center>

6    1.    Plaintiffs file this action against Defendants for trademark infringement,
7  and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051
8  et seq. (the "Lanham Act") and related claims of unfair competition and trademark
9  dilution under the statutory and common law of the State of California. This Court
10  has subject matter jurisdiction over the Federal trademark infringement and
11  trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

12    2.    This Court has personal jurisdiction over Defendants because
13  Defendants reside in the State of California and/or do business within this judicial
14  district.

15    3.    This action arises out of wrongful acts, including advertising, offering
16  for sale, selling and distributing products and services by Defendants within this
17  judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because
18  the claims asserted arise in this district.

19  <center>**THE PARTIES**</center>

20    4.    Plaintiffs P.E.G. Entertainment, LLC and P.E.G. Entertainment Group,
21  LLC are limited liability companies organized and existing under the laws of the
22  State of New York with their corporate offices in Suffolk County, New York.

23    5.    Upon information and belief, Defendant Bar Pink Elephant is an
24  unknown business entity located at 3829 30th Street, San Diego, California 92104.

25    6.    Upon information and belief, Defendants John A. Reis and Ami
26  Rachelle Reis are individuals who reside at 1445 Fern Street, San Diego, California
27  92102.

28  / / /

<center>2.</center>
<center>**COMPLAINT FOR DAMAGES**</center>

7.    Upon information and belief, Defendants John A. Reis and Ami Rachelle Reis are two of the conscious, dominant and active forces behind the wrongful acts of Defendant Bar Pink Elephant complained of herein, which wrongful acts they committed for the gain and benefit of Bar Pink Elephant and for their own individual gain and benefit.

8.    Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, DOES 1 through 10, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend his complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe and based thereon allege that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.    Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## **NATURE OF ACTION**

10.    Plaintiffs seek injunctive relief and damages based upon Defendants' trademark infringement and unfair competition with Plaintiffs arising from Defendants' willful infringement and dilution of Plaintiffs' PINK ELEPHANT Marks.  Defendants' willful infringement has impacted both upon Plaintiffs' rights directly as well as Plaintiffs' ability to maintain consumer satisfaction.

# FIRST CLAIM FOR RELIEF

## (For Infringement of Federally Registered Trademarks)

11. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

12. Plaintiff P.E.G. Entertainment Group, LLC ("PEG") is the owner of the PINK ELEPHANT service marks and trademarks worldwide.

13. P.E.G. Entertainment Group, LLC has the exclusive right to use, enforce and benefit from the PINK ELEPHANT trademarks and service marks and their corresponding U.S. trademark registrations, including but not limited to U.S. Registration Nos. 3256241, 3116659, 3256214, and 3116659 (hereinafter collectively "PINK ELEPHANT Marks." Attached hereto as **Exhibit 1** are copies of Plaintiffs' PINK ELEPHANT Trademark Registrations.

14. Pursuant to an exclusive license, Plaintiff P.E.G. Entertainment, LLC has the rights to use the Pink Elephant Marks in connection with bars, lounges, and night clubs.

15. The PINK ELEPHANT Marks have been in continuous use in the United States and worldwide since as early as 2004 when the club "Pink Elephant" opened in the city of New York, New York.

16. Plaintiffs' Pink Elephant clubs have received critically acclaimed success such that celebrities including Bruce Willis, Sean Puffy Combs, Pink, Minnie Driver, Keith Richards, Jill Hennessy, and Taye Diggs, are frequent patrons of Plaintiffs' clubs.

17. In addition to its Pink Elephant clubs in the New York metropolitan area, Plaintiffs frequently set up temporary locations around the world, including St. Barths, Cannes, Monte Carlo, London, Paris, Geneva, St. Tropez, and Croatia to coincide with various social and industry-specific events.

18. Plaintiff P.E.G. Entertainment, LLC has intentions of opening Pink Elephant clubs in California, Nevada, and Florida within the next 12-24 months.

19. In or around July 2007, Plaintiffs discovered that a bar had opened in San Diego, California called "Bar Pink Elephant."

20. Upon information and belief, Defendants John A. Reis and Ami Rachelle Reis are the owners of Bar Pink Elephant.

21. On or about July 18, 2007, Plaintiffs' intellectual property counsel sent a cease and desist letter to Defendants Bar Pink Elephant and Mr. and Mrs. Reis, informing them of their rights to the PINK ELEPHANT Marks and requesting them to cease using the name "Bar Pink Elephant" in connection with their business and all promotional items related thereto. Attached hereto as **Exhibit 2** is a true and correct copy of the cease and desist letter Plaintiffs' counsel sent to Defendants on July 18, 2007.

22. Plaintiffs never received a response to the cease and desist letter sent to Defendants, and Defendants have continued to operate Bar Pink Elephant and sell merchandise bearing the PINK ELEPHANT Marks.

23. Defendants' use of the PINK ELEPHANT Marks in connection with their business is likely to cause confusion and mistake and to deceive patrons and is in violation of 15 U.S.C. § 1114 of the Lanham Act.

24. Upon information and belief, Defendant's wrongful use of the PINK ELEPHANT Marks was and is willful, having been adopted with knowledge of Plaintiffs' prior rights in and to the PINK ELEPHANT Marks, with the intent to trade on and benefit from the goodwill established in said marks by Plaintiff.

25. In addition to the acts specifically described above, on information and belief, Defendants have otherwise infringed Plaintiff P.E.G. Entertainment Group, LLC's PINK ELEPHANT Marks.

26. Despite Defendants' knowledge that their acts infringe upon the rights of Plaintiffs, they have continued to wrongfully carry on their business under Plaintiff's PINK ELEPHANT Marks.

/ / /

27.   Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury through, <u>inter alia</u>, (a) a likelihood of confusion, mistake, and deception among the relevant public as to the ownership, affiliation, and/or association of Defendants' business with Plaintiffs' business ; and (b) the loss of Plaintiffs' valuable goodwill and business reputation symbolized by Plaintiff's PINK ELEPHANT Marks.

28.   Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

29.   Plaintiffs have no adequate remedy at law.

## **SECOND CLAIM FOR RELIEF**

### **(False Designation of Origin and Dilution)**

30.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31.   Defendants have, on or in connection with its use of Plaintiff P.E.G. Entertainment Group, LLC's PINK ELEPHANT Marks, used words, terms, names, symbols, devices, and combinations thereof, false designations of origin, and false and misleading descriptions and representation of facts in violation of 15 U.S.C. § 1125(a) that:

    a.    Caused or are likely to cause confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with Plaintiffs and as to the origin, sponsorship, and approval of Defendants' unauthorized goods; and

    b.    Misrepresented, in commercial dealings, the nature, characteristics, qualities, and origin of Defendants' goods.

32.   Upon information and belief, Plaintiffs aver that Defendants have made false representations regarding their business and related goods and the connection

1   of such goods and services to Plaintiffs and to Plaintiffs' business. Such

2   representations were made in connection with commerce.

3       33.    Defendants have made commercial use in commerce of Plaintiff's

4   P.E.G. Entertainment Group, LLC's PINK ELEPHANT Marks, which began long

5   after Plaintiffs' Pink Elephant clubs became distinctive and famous.

6       34.    Defendants' acts have caused and, unless restrained by this Court, will

7   continue to cause Plaintiffs and the public to suffer great and irreparable damage and

8   injury through, inter alia, (a) a likelihood of confusion, mistake, and deception

9   among the relevant public as to the ownership, affiliation, and/or association of

10  Defendants' business with Plaintiffs' business ; and (b) the loss of Plaintiffs'

11  valuable goodwill and business reputation symbolized by Plaintiffs' PINK

12  ELEPHANT Marks.

13      35.    Plaintiffs have suffered loss of profits and other damage, and

14  Defendants have earned illegal profits, in an amount to be proven at trial, as the

15  result of the aforesaid acts of Defendants.

16      36.    Plaintiffs have no adequate remedy at law.

17  ### THIRD CLAIM FOR RELIEF

18  **(California and Common-Law Trademark and**

19  **Trade Name Infringement)**

20      37.    Plaintiffs incorporate herein by reference the averments of the

21  preceding paragraphs as though fully set forth herein.

22      38.    Defendants' use, without the consent of Plaintiffs, of the PINK

23  ELEPHANT Marks in connection with Defendants' business and promotional

24  goods, is likely to cause confusion, mistake and deception. Such use infringes

25  Plaintiffs' rights in Plaintiffs' PINK ELEPHANT Marks in violation of California

26  trademark law, including Business and Professions Code Sections 14320, 14335,

27  and 14340, and the common law.

28      39.    Defendants' acts have caused and, unless restrained by this Court, will

**COMPLAINT FOR DAMAGES**

1    continue to cause Plaintiffs to suffer great and irreparable damage and injury.

2    ///

3    40.    Plaintiffs have suffered loss of profits and other damage, and

4    Defendants have earned illegal profits, in an amount to be proven at trial, as the

5    result of the aforesaid acts of Defendants.

6    41.    The conduct herein complained of was extreme, outrageous, fraudulent,

7    and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said

8    conduct was despicable and harmful to Plaintiffs and as such supports an award of

9    exemplary and punitive damages in an amount sufficient to punish and make an

10    example of the Defendants and to deter them from similar such conduct in the future.

11    42.    Plaintiffs have no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**(For Injury to Business Reputation and Dilution)**

14    43.    Plaintiffs incorporate herein by reference the averments of the

15    preceding paragraphs as though fully set forth herein.

16    44.    Defendants' use of the PINK ELEPHANT Marks in connection with its

17    business is likely to cause injury to Plaintiffs' business reputation and dilute the

18    distinctive nature of Plaintiffs' Marks in violation of California trademark law,

19    including Business and Professions Code Section 14330 and the common law.

20    45.    Defendants' acts have caused and, unless restrained by this Court, will

21    continue to cause Plaintiffs and the public to suffer great and irreparable damage and

22    injury.

23    46.    Plaintiffs have suffered a loss of profits and other damages, and

24    Defendants have earned illegal profits, in an amount to be proven at trial, as the

25    result of the aforesaid infringing acts of Defendants.

26    47.    The conduct herein complained of was extreme, outrageous, fraudulent,

27    and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said

28    conduct was despicable and harmful to Plaintiffs and as such supports an award of

1 | exemplary and punitive damages in an amount sufficient to punish and make an

2 | example of the Defendants and to deter them from similar such conduct in the future.

3 | 48.    Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### (For Unfair Competition and Unfair Practices)

6 | 49.    Plaintiffs incorporate herein by reference the averments of the

7 | preceding paragraphs as though fully set forth herein.

8 | 50.    Defendants have engaged in unfair business practices by the acts herein

9 | alleged.  Plaintiffs allege upon information and belief that such acts will continue

10 | unless restrained by this Court.

11 | 51.    Defendants' acts have impaired Plaintiffs' goodwill, have created a

12 | likelihood of confusion, are likely to confuse the public, and have otherwise

13 | adversely affected Plaintiffs' business and reputation by use of unfair and fraudulent

14 | business practices in violation of California Business & Professions Code, including

15 | Sections 17200 to 17208, and the common law.

16 | 52.    Defendants' acts have caused and, unless restrained by this Court, will

17 | continue to cause Plaintiffs suffer great and irreparable damage and injury.

18 | 53.    Plaintiffs have suffered a loss of profits and other damages, and

19 | Defendants have earned illegal profits, in an amount to be proven at trial, as the

20 | result of the aforesaid acts of Defendants.  However, on the statutory unfair

21 | competition claim, Plaintiffs seek only disgorgement of profits, and does not seek

22 | damages at law.

23 | 54.    The conduct herein complained of was extreme, outrageous, fraudulent,

24 | and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said

25 | conduct was despicable and harmful to Plaintiffs and as such supports an award of

26 | exemplary and punitive damages in an amount sufficient to punish and make an

27 | example of the Defendants and to deter them from similar such conduct in the future.

28 | 55.    Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

56.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57.    The acts complained of above constitute unjust enrichment of Defendants at Plaintiffs' expense, in violation of the common law of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants that:

A.    Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

(1)    Using the name "Bar Pink Elephant" as to their business name;

(2)    Using the phrase "Pink Elephant" in any part of its business name;

(3)    Using any of the PINK ELEPHANT Marks in connection with their business name or promotional paraphernalia;

(4)    Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation, origin, or association of Defendants' business with Plaintiffs, or using any false designation of origin or false or misleading description or representation of fact;

(5)    Diluting or infringing the rights of Plaintiffs in and to any of Plaintiffs' PINK ELEPHANT Marks by selling clothing or other merchandise bearing the PINK ELEPHANT Marks or any mark confusingly similar thereto or otherwise damaging Plaintiffs' goodwill or business reputation; or

(6) Otherwise competing unfairly with Plaintiffs in any manner.

/ / /

B.    Defendants be required to deliver to Plaintiffs' attorneys for destruction Defendants' entire inventory of signage, items, products, advertising materials, and any other items bearing the mark BAR PINK ELEPHANT.

C.    Defendants, within thirty (30) days after the service of the judgment herein, be required to file with this Court and serve upon Plaintiffs' attorneys a written report under oath setting forth in detail the manner in which they have complied with the judgment.

D.    Plaintiffs recover its lost profits and actual damages in an amount to be proven at trial from Defendants (except that restitution only, and not money damages, is requested in connection with the California statutory unfair-competition claims), that Defendants be required to account for any of its profits that are attributable to Defendants' acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117, 18 U.S.C. §1864, and Cal. Bus. & Prof. Code §14340, including interest thereon at the maximum rate permitted by law.

E.    Defendants be required to disgorge their profits (as to the California unfair-competition claim).

F.    The Court award Plaintiffs punitive damages in connection with its California State law claims.

G.    Plaintiffs recover its attorneys' fees.

H.    Plaintiffs recover its taxable costs and disbursements herein.

I.    The Court grant Plaintiffs such other and further relief as the Court deems just and proper.

DATED:    January 15, 2008    BLAKELY LAW GROUP

By:    _____
      Brent H. Blakely
      Cindy Chan
      *Attorneys for Plaintiffs*
      *P.E.G. Entertainment Group, LLC*
      *and P.E.G Entertainment, LLC*

11.

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal

3 Rules of Civil Procedure.

4    DATED:    January 15, 2008    BLAKELY LAW GROUP

5

6    By: _____

7    Brent H. Blakely
     Cindy Chan

8    *Attorneys for Plaintiffs*
     *P.E.G. Entertainment Group, LLC*

9    *and P.E.G Entertainment, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Document Description: **Registration Certificate**    Mail / Create Date: **26-Jun-2007**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

**Reg. No. 3,256,241**

Registered June 26, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



PINK ELEPHANT

P.E.G. ENTERTAINMENT GROUP, LLC (NEW
   YORK LTD LIAB CO)
281 COUNTY ROAD 39A
SOUTHAMPTON, NY 11968

FOR: ENTERTAINMENT SERVICES, NAMELY,
MUSICAL PERFORMANCES, EVENT PLANNING
AND NIGHTCLUB SERVICES, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).

FIRST USE 8-15-2004; IN COMMERCE 8-15-2004.

OWNER OF U.S. REG. NO. 3,116,659.

THE COLOR(S) PINK IS ARE CLAIMED AS A
FEATURE OF THE MARK.

THE COLOR PINK APPEARS IN THE LETTER-
ING AND IN THE ELEPHANT DESIGN.

SER. NO. 78-955,217, FILED 8-18-2006.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

# EXHIBIT 1

Int. Cls.: 41 and 43

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 3,116,659
Registered July 18, 2006

## SERVICE MARK
### PRINCIPAL REGISTER



KOLODNY, SHAWN (UNITED STATES INDIVI-
    DUAL)
73 8TH AVENUE
NEW YORK, NY 10014

   FOR: ENTERTAINMENT SERVICES, NAMELY,
NIGHTCLUB, IN CLASS 41 (U.S. CLS. 100, 101 AND
107).

   FIRST USE 8-15-2004; IN COMMERCE 9-21-2004.

   FOR: BAR SERVICES FEATURING ALCOHOLIC
BEVERAGES, IN CLASS 43 (U.S. CLS. 100 AND 101).

   FIRST USE 8-15-2004; IN COMMERCE 9-21-2004.

   SER. NO. 78-612,826, FILED 4-20-2005.

BRENDAN REGAN, EXAMINING ATTORNEY



Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,256,214

Registered June 26, 2007

## SERVICE MARK
## PRINCIPAL REGISTER

# PINK ELEPHANT

P.E.G. ENTERTAINMENT GROUP, LLC (NEW YORK LTD LIAB CO)
281 COUNTY ROAD 39A
SOUTHAMPTON, NY 11968

FOR: ADVERTISING, INCLUDING PROMOTION OF PRODUCTS EVENTS AND SERVICES OF THIRD PARTIES THROUGH SPONSORING ARRANGE-MENTS AND LICENCE AGREEMENTS RELATING TO ENTERTAINMENT EVENTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-15-2004; IN COMMERCE 8-15-2004.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,116,659.

SER. NO. 78-954,775, FILED 8-17-2006.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 3,256,211

Registered June 26, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# PINK ELEPHANT

P.E.G. ENTERTAINMENT GROUP, LLC (NEW YORK LTD LIAB CO)
281 COUNTY ROAD 39A
SOUTHAMPTON, NY 11968

FOR: ENTERTAINMENT SERVICES, NAMELY, MUSICAL PERFORMANCES, EVENT PLANNING AND NIGHTCLUB SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-15-2004; IN COMMERCE 8-15-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,116,659.

SER. NO. 78-954,760, FILED 8-17-2006.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

## TUCKER & LATIFI, LLP

COUNSELORS AT LAW

160 EAST 84TH STREET
NEW YORK, NEW YORK 10028
(212) 472-6262
(212) 744-6509 FAX

ROBERT L. TUCKER
AFSCHINEH LATIFI (NY, CA & D.C.)

ALI R. LATIFI

915 N. CITRUS AVENUE
HOLLYWOOD, CA 90038
(323) 464-7400
(323) 464-7410 FAX

OF COUNSEL:
BRENT H. BLAKELY (CA)
TIFFANY L. JOSEPH (CA)
WENDY SHA (CA)

July 18, 2007

**BY FEDERAL EXPRESS**
Bar Pink Elephant
3829 30th Street
San Diego, CA 92104
Attn: Mr. John A. Reis

John A. & Ami Rachelle Reis
1445 Fern Street
San Diego, CA 92102

**Re: Infringement of P.E.G Entertainment Group, LLC's PINK ELEPHANT Trademark**

Dear Mr. & Mrs. Reis:

This firm is intellectual property counsel to **P.E.G Entertainment Group, LLC,** (hereinafter "PEG") the owner of various bar and nightclub businesses operating under the PINK ELEPHANT service mark and trademarks. The PINK ELEPHANT service mark and trademarks have been in continuous use in the United States and worldwide since at least as early as 2004. PEG is the owner of the following service mark and trademark registrations in the United States, copies of which are annexed hereto:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| PINK ELEPHANT plus Logo | 3,256,241 | June 26, 2007 |
| PINK ELEPHANT | 3.256,214 | June 26, 2007 |
| PINK ELEPHANT | 3,256,211 | June 26, 2007 |
| PINK ELEPHANT Stylized Box Logo | 3,116,659 | July 18, 2006 |

(Hereinafter collectively, the "Pink Elephant Trademarks"). PEG has built up valuable and substantial good will under the Pink Elephant Trademarks and received hundreds of unsolicited press pieces over the years concerning its businesses operating under the Pink Elephant Trademarks.

It has come to our client's attention that you have recently commenced the use of the name BAR PINK ELEPHANT in connection with the operation of a bar located at 3829 30th Street, San Diego, California. There can be no dispute that your use of BAR PINK ELEPHANT for a bar creates a likelihood of confusion between your business and the bar and nightclub businesses operated by our client under their Pink Elephant Trademarks. The use of a mark that is substantially identical to that of our client is in violation of PEG's federal trademark rights and subjects BAR PINK ELEPHANT and you personally to liability under 15 U.S.C. §1114 and 15 U.S.C. § 1125. Unless we

EXHIBIT 2

Bar Pink Elephant
John A. & Ami Rachelle Reis
July 18, 2007
Page 2

receive written notification within 8-days of the receipt of this letter of your agreement to cease using the BAR PINK ELEPHANT name and trademark in connection with the name of your business and all business and promotional items related thereto, our client will have no choice other than to commence a formal legal action to enforce its valuable intellectual property rights.

We look forward to receiving a prompt response from you or your attorney within 8 days from the receipt of this letter.

Sincerely,

Robert L. Tucker

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

P.E.G. Entertainment LLC;
P.E.G. Entertainment Group, LLC

**DEFENDANTS**

BAR PINK ELEPHANT; John A. Reis; and Amy Rachelle Reis

FILED

**(b)** County of Residence of First Listed Plaintiff   New York
(EXCEPT IN U.S. PLAINTIFF CASES)

08 JAN 17 PM 3:12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

BLAKELY LAW GROUP, 915 N. Citrus Avenue, Hollywood, CA
90038; (323) 464-7400

Attorneys (If Known)

'08 CV 0098 BEN AJB

DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act

Brief description of cause:
Trademark Infringement

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
$150,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)
IF ANY**

(See instructions:)

JUDGE

DOCKET NUMBER

DATE   1/15/08

SIGNATURE OF ATTORNEY OF RECORD   Cindy

**FOR OFFICE USE ONLY**

RECEIPT #  140547   AMOUNT  $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

Sex 01/17/08

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                  Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 146547     - SH

January 17, 2008
15:09:50

Civ Fil Non-Pris
USAO #.: 08CV0098-BEN
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: BC2276

Total-> $350.00

FROM: P.E.G. ENTERTAINMENT V. BAR PI