1  Brent H. Blakely (SBN 157292)
   Cindy Chan (SBN 247495)
2  BLAKELY LAW GROUP
   915 North Citrus Avenue
3  Hollywood, California 90038
   Telephone: (323) 464-7400
4  Facsimile: (323) 464-7410
   ***Attorneys for Plaintiffs***
5  ***P.E.G. Entertainment Group, LLC and***
   ***P.E.G. Entertainment, LLC***
6
   Of Counsel:
7  Robert Tucker
   Afschineh Latifi
8  Tucker & Latifi LLP
   160 East 84th Street
9  New York, New York 10028
   Telephone: (212) 472-6262
10 Facsimile: (212) 744-6509



FILED

MAR 0 7 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          CP          DEPUTY

11

12                    UNITED STATES DISTRICT COURT

13                  SOUTHERN DISTRICT OF CALIFORNIA

14

15 P.E.G. ENTERTAINMENT, LLC, a            ) CASE NO. CV 08-CV-0098 BEN (AJB)
   New York Limited Liability Company;     )
16 and P.E.G. ENTERTAINMENT               ) **FIRST AMENDED COMPLAINT**
   GROUP, LLC, a New York Limited          ) **FOR DAMAGES:**
   Liability Company,                      )
17                                          ) *1.  TRADEMARK INFRINGEMENT*
                         Plaintiffs,        ) *(15 U.S.C. §1114);*
18                                          )
                    vs.                     ) *2.  TRADEMARK DILUTION*
19                                          ) *(15 U.SC. §1125);*
   BEASTS OF BOURBON, INC., a               )
20 California Corporation dba BAR PINK      ) *3.  INFRINGEMENT OF*
   ELEPHANT; JOHN A. REIS, an              ) *CALIFORNIA AND COMMON*
21 individual; AMI RACHELLE REIS, an       ) *LAW;*
   individual; and DOES 1-10, inclusive,   )
22                                          ) *4.  INJURY TO BUSINESS*
                    Defendants.             ) *REPUTATION AND DILUTION*
23                                          ) *(Cal. Bus. & Prof. Code §14330);*
                                            )
24                                          ) *5.  UNFAIR COMPETITION AND*
                                            ) *UNFAIR PRACTICES (Cal. Bus. &*
25                                          ) *Prof. Code §§17200-17208);*
                                            )
26                                          ) *6.  UNJUST ENRICHMENT*
                                            )
27 ─────────────────────────────           )     **JURY TRIAL DEMANDED**

28

Plaintiffs P.E.G. Entertainment, LLC and P.E.G. Entertainment Group, LLC (hereinafter collectively "PEG" or "Plaintiffs") for their claims against Defendants Beasts of Bourbon, Inc. dba Bar Pink Elephant, John A. Reis, and Ami Rachelle Reis (hereinafter collectively "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiffs file this action against Defendants for trademark infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.    This Court has personal jurisdiction over Defendants because Defendants reside in the State of California and/or do business within this judicial district.

3.    This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products and services by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4.    Plaintiffs P.E.G. Entertainment, LLC and P.E.G. Entertainment Group, LLC are limited liability companies organized and existing under the laws of the State of New York with their corporate offices in Suffolk County, New York.

5.    Upon information and belief, Defendant Beasts of Bourbon, Inc. is a California Corporation doing business as Bar Pink Elephant located at 3829 30th Street, San Diego, California 92104.

6.    Upon information and belief, Defendants John A. Reis and Ami Rachelle Reis are individuals who reside at 1445 Fern Street, San Diego, California 92102.

FIRST AMENDED COMPLAINT

1    7.    Upon information and belief, Defendants John A. Reis and Ami

2    Rachelle Reis are two of the conscious, dominant and active forces behind the

3    wrongful acts of Defendant Bar Pink Elephant complained of herein, which

4    wrongful acts they committed for the gain and benefit of Bar Pink Elephant and for

5    their own individual gain and benefit.

6    8.    Plaintiffs are unaware of the names and true capacities of Defendants,

7    whether individual, corporate and/or partnership entities, DOES 1 through 10, and

8    therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend his

9    complaint when their true names and capacities are ascertained.  Plaintiffs are

10   informed and believe and based thereon allege that said Defendants and DOES 1

11   through 10, inclusive, are in some manner responsible for the wrongs alleged herein,

12   and that at all times referenced each was the agent and servant of the other

13   Defendants and was acting within the course and scope of said agency and

14   employment.

15   9.    Plaintiffs are informed and believe, and based thereon allege, that at all

16   relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

17   reasonably should have known of the acts and behavior alleged herein and the

18   damages caused thereby, and by their inaction ratified and encouraged such acts and

19   behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10,

20   inclusive, had a non-delegable duty to prevent or cause such acts and the behavior

21   described herein, which duty Defendants and DOES 1 though 10, inclusive, failed

22   and/or refused to perform.

23                              **NATURE OF ACTION**

24   10.   Plaintiffs seek injunctive relief and damages based upon Defendants'

25   trademark infringement and unfair competition with Plaintiffs arising from

26   Defendants' willful infringement and dilution of Plaintiffs' PINK ELEPHANT

27   Marks.  Defendants' willful infringement has impacted both upon Plaintiffs' rights

28   directly as well as Plaintiffs' ability to maintain consumer satisfaction.

# FIRST CLAIM FOR RELIEF

## (For Infringement of Federally Registered Trademarks)

11.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

12.   Plaintiff P.E.G. Entertainment Group, LLC ("PEG") is the owner of the PINK ELEPHANT service marks and trademarks worldwide.

13.   P.E.G. Entertainment Group, LLC has the exclusive right to use, enforce and benefit from the PINK ELEPHANT trademarks and service marks and their corresponding U.S. trademark registrations, including but not limited to U.S. Registration Nos. 3256241, 3116659, 3256214, and 3116659 (hereinafter collectively "PINK ELEPHANT Marks."   Attached hereto as **Exhibit 1** are copies of Plaintiffs' PINK ELEPHANT Trademark Registrations.

14.   Pursuant to an exclusive license, Plaintiff P.E.G. Entertainment, LLC has the rights to use the Pink Elephant Marks in connection with bars, lounges, and night clubs.

15.   The PINK ELEPHANT Marks have been in continuous use in the United States and worldwide since as early as 2004 when the club "Pink Elephant" opened in the city of New York, New York.

16.   Plaintiffs' Pink Elephant clubs have received critically acclaimed success such that celebrities including Bruce Willis, Sean Puffy Combs, Pink, Minnie Driver, Keith Richards, Jill Hennessy, and Taye Diggs, are frequent patrons of Plaintiffs' clubs.

17.   In addition to its Pink Elephant clubs in the New York metropolitan area, Plaintiffs frequently set up temporary locations around the world, including St. Barths, Cannes, Monte Carlo, London, Paris, Geneva, St. Tropez, and Croatia to coincide with various social and industry-specific events.

18.   Plaintiff P.E.G. Entertainment, LLC has intentions of opening Pink Elephant clubs in California, Nevada, and Florida within the next 12-24 months.

FIRST AMENDED COMPLAINT

1      19.  In or around July 2007, Plaintiffs discovered that a bar had opened in

2  San Diego, California called "Bar Pink Elephant."

3      20.  Upon information and belief, Defendants John A. Reis and Ami

4  Rachelle Reis are the owners of Bar Pink Elephant.

5      21.  On or about July 18, 2007, Plaintiffs' intellectual property counsel sent

6  a cease and desist letter to Defendants Bar Pink Elephant and Mr. and Mrs. Reis,

7  informing them of their rights to the PINK ELEPHANT Marks and requesting them

8  to cease using the name "Bar Pink Elephant" in connection with their business and

9  all promotional items related thereto.  Attached hereto as **Exhibit 2** is a true and

10  correct copy of the cease and desist letter Plaintiffs' counsel sent to Defendants on

11  July 18, 2007.

12      22.  Plaintiffs never received a response to the cease and desist letter sent to

13  Defendants, and Defendants have continued to operate Bar Pink Elephant and sell

14  merchandise bearing the PINK ELEPHANT Marks.

15      23.  Defendants' use of the PINK ELEPHANT Marks in connection with

16  their business is likely to cause confusion and mistake and to deceive patrons and is

17  in violation of 15 U.S.C. § 1114 of the Lanham Act.

18      24.  Upon information and belief, Defendant's wrongful use of the PINK

19  ELEPHANT Marks was and is willful, having been adopted with knowledge of

20  Plaintiffs' prior rights in and to the PINK ELEPHANT Marks, with the intent to

21  trade on and benefit from the goodwill established in said marks by Plaintiff.

22      25.  In addition to the acts specifically described above, on information and

23  belief, Defendants have otherwise infringed Plaintiff P.E.G. Entertainment Group,

24  LLC's PINK ELEPHANT Marks.

25      26.  Despite Defendants' knowledge that their acts infringe upon the rights

26  of Plaintiffs, they have continued to wrongfully carry on their business under

27  Plaintiff's PINK ELEPHANT Marks.

28  / / /

27.  Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury through, <u>inter alia</u>, (a) a likelihood of confusion, mistake, and deception among the relevant public as to the ownership, affiliation, and/or association of Defendants' business with Plaintiffs' business ; and (b) the loss of Plaintiffs' valuable goodwill and business reputation symbolized by Plaintiff's PINK ELEPHANT Marks.

28.  Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

29.  Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Dilution)

30.  Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31.  Defendants have, on or in connection with its use of Plaintiff P.E.G. Entertainment Group, LLC's PINK ELEPHANT Marks, used words, terms, names, symbols, devices, and combinations thereof, false designations of origin, and false and misleading descriptions and representation of facts in violation of 15 U.S.C. § 1125(a) that:

      a.    Caused or are likely to cause confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with Plaintiffs and as to the origin, sponsorship, and approval of Defendants' unauthorized goods; and

      b.    Misrepresented, in commercial dealings, the nature, characteristics, qualities, and origin of Defendants' goods.

32.  Upon information and belief, Plaintiffs aver that Defendants have made false representations regarding their business and related goods and the connection

1 | of such goods and services to Plaintiffs and to Plaintiffs' business. Such

2 | representations were made in connection with commerce.

3 |      33.    Defendants have made commercial use in commerce of Plaintiff's

4 | P.E.G. Entertainment Group, LLC's PINK ELEPHANT Marks, which began long

5 | after Plaintiffs' Pink Elephant clubs became distinctive and famous.

6 |      34.    Defendants' acts have caused and, unless restrained by this Court, will

7 | continue to cause Plaintiffs and the public to suffer great and irreparable damage and

8 | injury through, <u>inter alia,</u> (a) a likelihood of confusion, mistake, and deception

9 | among the relevant public as to the ownership, affiliation, and/or association of

10 | Defendants' business with Plaintiffs' business ; and (b) the loss of Plaintiffs'

11 | valuable goodwill and business reputation symbolized by Plaintiffs' PINK

12 | ELEPHANT Marks.

13 |      35.    Plaintiffs have suffered loss of profits and other damage, and

14 | Defendants have earned illegal profits, in an amount to be proven at trial, as the

15 | result of the aforesaid acts of Defendants.

16 |      36.    Plaintiffs have no adequate remedy at law.

17 | **THIRD CLAIM FOR RELIEF**

18 | **(California and Common-Law Trademark and**

19 | **Trade Name Infringement)**

20 |      37.    Plaintiffs incorporate herein by reference the averments of the

21 | preceding paragraphs as though fully set forth herein.

22 |      38.    Defendants' use, without the consent of Plaintiffs, of the PINK

23 | ELEPHANT Marks in connection with Defendants' business and promotional

24 | goods, is likely to cause confusion, mistake and deception. Such use infringes

25 | Plaintiffs' rights in Plaintiffs' PINK ELEPHANT Marks in violation of California

26 | trademark law, including Business and Professions Code Sections 14320, 14335,

27 | and 14340, and the common law.

28 | / / /

39.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs to suffer great and irreparable damage and injury.

40.    Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

41.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

42.    Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (For Injury to Business Reputation and Dilution)

43.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.    Defendants' use of the PINK ELEPHANT Marks in connection with its business is likely to cause injury to Plaintiffs' business reputation and dilute the distinctive nature of Plaintiffs' Marks in violation of California trademark law, including Business and Professions Code Section 14330 and the common law.

45.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury.

46.    Plaintiffs have suffered a loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid infringing acts of Defendants.

47.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of

1  exemplary and punitive damages in an amount sufficient to punish and make an

2  example of the Defendants and to deter them from similar such conduct in the future.

3       48.    Plaintiffs have no adequate remedy at law.

4  ### FIFTH CLAIM FOR RELIEF

5  ### (For Unfair Competition and Unfair Practices)

6       49.    Plaintiffs incorporate herein by reference the averments of the

7  preceding paragraphs as though fully set forth herein.

8       50.    Defendants have engaged in unfair business practices by the acts herein

9  alleged.  Plaintiffs allege upon information and belief that such acts will continue

10  unless restrained by this Court.

11       51.    Defendants' acts have impaired Plaintiffs' goodwill, have created a

12  likelihood of confusion, are likely to confuse the public, and have otherwise

13  adversely affected Plaintiffs' business and reputation by use of unfair and fraudulent

14  business practices in violation of California Business & Professions Code, including

15  Sections 17200 to 17208, and the common law.

16       52.    Defendants' acts have caused and, unless restrained by this Court, will

17  continue to cause Plaintiffs suffer great and irreparable damage and injury.

18       53.    Plaintiffs have suffered a loss of profits and other damages, and

19  Defendants have earned illegal profits, in an amount to be proven at trial, as the

20  result of the aforesaid acts of Defendants.  However, on the statutory unfair

21  competition claim, Plaintiffs seek only disgorgement of profits, and does not seek

22  damages at law.

23       54.    The conduct herein complained of was extreme, outrageous, fraudulent,

24  and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said

25  conduct was despicable and harmful to Plaintiffs and as such supports an award of

26  exemplary and punitive damages in an amount sufficient to punish and make an

27  example of the Defendants and to deter them from similar such conduct in the future.

28       55.    Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

56.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57.    The acts complained of above constitute unjust enrichment of Defendants at Plaintiffs' expense, in violation of the common law of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants that:

A.    Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

(1)    Using the name "Bar Pink Elephant" as to their business name;

(2)    Using the phrase "Pink Elephant" in any part of its business name;

(3)    Using any of the PINK ELEPHANT Marks in connection with their business name or promotional paraphernalia;

(4)    Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation, origin, or association of Defendants' business with Plaintiffs, or using any false designation of origin or false or misleading description or representation of fact;

(5)    Diluting or infringing the rights of Plaintiffs in and to any of Plaintiffs' PINK ELEPHANT Marks by selling clothing or other merchandise bearing the PINK ELEPHANT Marks or any mark confusingly similar thereto or otherwise damaging Plaintiffs' goodwill or business reputation; or

(6)    Otherwise competing unfairly with Plaintiffs in any manner.

/ / /

1    B.    Defendants be required to deliver to Plaintiffs' attorneys for destruction

2   Defendants' entire inventory of signage, items, products, advertising materials, and

3   any other items bearing the mark BAR PINK ELEPHANT.

4    C.    Defendants, within thirty (30) days after the service of the judgment

5   herein, be required to file with this Court and serve upon Plaintiffs' attorneys a

6   written report under oath setting forth in detail the manner in which they have

7   complied with the judgment.

8    D.    Plaintiffs recover its lost profits and actual damages in an amount to be

9   proven at trial from Defendants (except that restitution only, and not money

10  damages, is requested in connection with the California statutory unfair-competition

11  claims), that Defendants be required to account for any of its profits that are

12  attributable to Defendants' acts, and that all such damages be trebled as provided by

13  15 U.S.C. § 1117, 18 U.S.C. §1864, and Cal. Bus. & Prof. Code §14340, including

14  interest thereon at the maximum rate permitted by law.

15   E.    Defendants be required to disgorge their profits (as to the California

16  unfair-competition claim).

17   F.    The Court award Plaintiffs punitive damages in connection with its

18  California State law claims.

19   G.    Plaintiffs recover its attorneys' fees.

20   H.    Plaintiffs recover its taxable costs and disbursements herein.

21   I.    The Court grant Plaintiffs such other and further relief as the Court

22  deems just and proper.

23  DATED:    *3/6* . 2008        BLAKELY LAW GROUP

24

25                              By: _____

26                                  Brent H. Blakely
                                    Cindy Chan
27                                  *Attorneys for Plaintiffs*
                                    *P.E.G. Entertainment Group, LLC*
28                                  *and P.E.G Entertainment, LLC*

11.

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal

3 Rules of Civil Procedure.

4   DATED:     **3/6**  , 2008          BLAKELY LAW GROUP

5

6                                      By: _____

7                                          Brent H. Blakely
                                           Cindy Chan
8                                          *Attorneys for Plaintiffs*
                                           *P.E.G. Entertainment Group, LLC*
9                                          *and P.E.G Entertainment, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 3,256,241

**United States Patent and Trademark Office**   Registered June 26, 2007

**SERVICE MARK**
**PRINCIPAL REGISTER**



PINK ELEPHANT

P.E.G. ENTERTAINMENT GROUP, LLC (NEW
  YORK LTD LIAB CO)
281 COUNTY ROAD 39A
SOUTHAMPTON, NY 11968

FOR: ENTERTAINMENT SERVICES, NAMELY,
MUSICAL PERFORMANCES, EVENT PLANNING
AND NIGHTCLUB SERVICES, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).

FIRST USE 8-15-2004; IN COMMERCE 8-15-2004.

OWNER OF U.S. REG. NO. 3,118,659

THE COLOR(S) PINK IS ARE CLAIMED AS A
FEATURE OF THE MARK.

THE COLOR PINK APPEARS IN THE LETTER-
ING AND IN THE ELEPHANT DESIGN.

SER. NO. 78-955,217, FILED 8-18-2006.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

# EXHIBIT 1

Int. Cls.: 41 and 43

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 3,116,659

Registered July 18, 2006

## SERVICE MARK
## PRINCIPAL REGISTER



KOLODNY, SHAWN (UNITED STATES INDIVI-
DUAL)
73 8TH AVENUE
NEW YORK, NY 10014

FOR: ENTERTAINMENT SERVICES, NAMELY,
NIGHTCLUB, IN CLASS 41 (U.S. CLS. 100, 101 AND
107).

FIRST USE 8-15-2004; IN COMMERCE 9-21-2004.

FOR: BAR SERVICES FEATURING ALCOHOLIC
BEVERAGES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 8-15-2004; IN COMMERCE 9-21-2004.

SER. NO. 78-612,826, FILED 4-20-2005.

BRENDAN REGAN, EXAMINING ATTORNEY



Document Description: Registration Certificate · Mail / Create Date: 26-Jun-2007

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,256,214

Registered June 26, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# PINK ELEPHANT

P.E.G. ENTERTAINMENT GROUP, LLC (NEW YORK LTD LIAB CO)
281 COUNTY ROAD 39A
SOUTHAMPTON, NY 11968

FOR: ADVERTISING, INCLUDING PROMOTION OF PRODUCTS EVENTS AND SERVICES OF THIRD PARTIES THROUGH SPONSORING ARRANGE-MENTS AND LICENCE AGREEMENTS RELATING TO ENTERTAINMENT EVENTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-15-2004; IN COMMERCE 8-15-2004.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,116,659.

SER. NO. 78-954,775, FILED 8-17-2006.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 3,256,211

## United States Patent and Trademark Office

Registered June 26, 2007

### SERVICE MARK
### PRINCIPAL REGISTER

# PINK ELEPHANT

P.E.G. ENTERTAINMENT GROUP, LLC (NEW
    YORK LTD LIAB CO)
281 COUNTY ROAD 39A
SOUTHAMPTON, NY 11968

FOR: ENTERTAINMENT SERVICES, NAMELY,
MUSICAL PERFORMANCES, EVENT PLANNING
AND NIGHTCLUB SERVICES, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).

FIRST USE 8-15-2004; IN COMMERCE 8-15-2004.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,116,659.

SER. NO. 78-954,760, FILED 8-17-2006.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

# TUCKER & LATIFI, LLP

### COUNSELORS AT LAW
160 EAST 84™ STREET
NEW YORK, NEW YORK 10028
(212) 472-6262
(212) 744-6509 FAX

ROBERT L. TUCKER
AFSCHINEH LATIFI (NY, CA & D.C.)

ALI R. LATIFI

915 N. CITRUS AVENUE
HOLLYWOOD, CA 90038
(323) 464-7400
(323) 464-7410 FAX

OF COUNSEL:
BRENT H. BLAKELY (CA)
TIFFANY L. JOSEPH (CA)
WENDY SHA (CA)

July 18, 2007

**BY FEDERAL EXPRESS**
Bar Pink Elephant
3829 30th Street
San Diego, CA 92104
Attn: Mr. John A. Reis

John A. & Ami Rachelle Reis
1445 Fern Street
San Diego, CA 92102

### Re: Infringement of P.E.G Entertainment Group, LLC's PINK ELEPHANT Trademark

Dear Mr. & Mrs. Reis:

This firm is intellectual property counsel to **P.E.G Entertainment Group, LLC,** (hereinafter "PEG") the owner of various bar and nightclub businesses operating under the PINK ELEPHANT service mark and trademarks. The PINK ELEPHANT service mark and trademarks have been in continuous use in the United States and worldwide since at least as early as 2004. PEG is the owner of the following service mark and trademark registrations in the United States, copies of which are annexed hereto:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| PINK ELEPHANT plus Logo | 3,256,241 | June 26, 2007 |
| PINK ELEPHANT | 3.256.214 | June 26, 2007 |
| PINK ELEPHANT | 3,256,211 | June 26, 2007 |
| PINK ELEPHANT Stylized Box Logo | 3,116,659 | July 18, 2006 |

(Hereinafter collectively, the "Pink Elephant Trademarks"). PEG has built up valuable and substantial good will under the Pink Elephant Trademarks and received hundreds of unsolicited press pieces over the years concerning its businesses operating under the Pink Elephant Trademarks.

It has come to our client's attention that you have recently commenced the use of the name BAR PINK ELEPHANT in connection with the operation of a bar located at 3829 30th Street, San Diego, California. There can be no dispute that your use of BAR PINK ELEPHANT for a bar creates a likelihood of confusion between your business and the bar and nightclub businesses operated by our client under their Pink Elephant Trademarks. The use of a mark that is substantially identical to that of our client is in violation of PEG's federal trademark rights and subjects BAR PINK ELEPHANT and you personally to liability under 15 U.S.C. §1114 and 15 U.S.C. § 1125. Unless we

# EXHIBIT 2

Bar Pink Elephant
John A. & Ami Rachelle Reis
July 18, 2007
Page 2

receive written notification within 8-days of the receipt of this letter of your agreement to cease using the BAR PINK ELEPHANT name and trademark in connection with the name of your business and all business and promotional items related thereto, our client will have no choice other than to commence a formal legal action to enforce its valuable intellectual property rights.

We look forward to receiving a prompt response from you or your attorney within 8 days from the receipt of this letter.

Sincerely,

Robert L. Tucker