Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs P.E.G. Entertainment, LLC. and P.E.G. Entertainment Group, LLC.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.E.G. ENTERTAINMENT, LLC, et. al.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BEASTS OF BOURBON, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. CV 08-0098 BEN (AJB)<br><br>***JOINT MOTION FOR CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION; VOLUNTARY DISMISSAL WITH PREJUDICE*** |

　　　　Plaintiffs P.E.G. Entertainment, LLC. and P.E.G. Entertainment Group, LLC ("Plaintiff"), having filed a Complaint in this action charging, inter alia, Defendants Beasts of Bourbon, Inc., John A. Reis, and Ami R. Reis (collectively "Defendants") with trademark infringement and unfair competition based upon Defendants' use of the name "Bar Pink Elephant" in connection with its business, and the parties, through their respective attorneys, herein having simultaneously entered into a Settlement Agreement and Mutual Release; and the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Judgment; Defendants have agreed to consent to the below terms of a permanent injunction:

　　　　1.　　This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiffs allege the exclusive right to use, enforce, and benefit from the word/mark "Pink Elephant" as well as other Pink Elephant trademarks and logos in connection with entertainment services, which include but are not limited to bars, cocktail lounges, and night clubs (hereinafter "Pink Elephant Marks"). The Pink Elephant Marks include but are not limited to, U.S. Registration Nos. 3256241, 3116659, 3256214, and 3116659.

3. Plaintiffs have alleged that Defendants' use of the name "Bar Pink Elephant" constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the common law.

4. Defendants have agreed to permanently cease using the name "Bar Pink Elephant" and/or any other names identical to or confusingly similar to the words/mark "Pink Elephant" in connection with its business.

5. Defendants shall have until September 30, 2008 to use, sell, distribute, and/or give away any preexisting inventory of souvenirs and bar paraphernalia which bear the name "Bar Pink Elephant" or the words/mark "Pink Elephant." Defendants are permitted to use the name "Bar Pink Elephant" until September 30, 2008 provided Defendants, and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby immediately and permanently restrained and enjoined from:

(a) Using the name "Bar Pink Elephant" and/or the mark "Pink Elephant," or any combination thereof, on any new advertisements, promotional materials, and websites; and,

(b) Purchasing, manufacturing, producing, and/or requesting the manufacture and/or production of products bearing the name "Bar Pink Elephant" or the mark "Pink Elephant."

6. Beginning on and including September 30, 2008, Defendants and their agents, servants, employees and all persons in active concert and participation with

2

1  them who receive actual notice of this Final Judgment are hereby permanently
2  restrained and enjoined from:
3      (a) Doing business under the name "Bar Pink Elephant" and/or by any
4  other name which is identical or confusingly similar to the word/mark "Pink
5  Elephant."
6      (b) Using the name "Bar Pink Elephant" and/or Plaintiff's mark "Pink
7  Elephant" on all products, which include, but are not limited to clothing, napkins,
8  signs, displays, utensils, glasses, and/or all other items which may contain the
9  Plaintiff's mark "Pink Elephant" used in connection with Defendant's business, and
10 not in the public domain.
11     (c) Distributing, selling and/or offering for sale products which bear
12 the name "Bar Pink Elephant" and/or any name identical to or confusingly similar to
13 Plaintiff's mark "Pink Elephant."
14     (d) Acting in violation of the provisions set forth in Paragraphs 5(a) –
15 5(b) above.
16     7. Plaintiffs and Defendants shall bear their own costs and attorneys' fees
17 associated with this action.
18     8. The execution of this Final Judgment by Counsel for the parties shall
19 serve to bind and obligate the parties hereto.
20     9. The jurisdiction of this Court, specifically Magistrate Judge Battaglia, is
21 retained for the purpose of making any further orders necessary or proper for the
22 construction or modification of this Final Judgment, the enforcement thereof and the
23 punishment of any violations thereof. Except as otherwise provided herein, this action
24 is fully resolved with prejudice.
25 ///
26 ///
27 ///
28

10. This Final Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

DATED: July 30, 2008

BLAKELY LAW GROUP

By: *[signature]*
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiffs P.E.G. Entertainment, LLC and P.E.G. Entertainment Group, LLC*

DATED: July 30, 2008

ATKINS & DAVIDSON

By: *[signature]*
Clark L. Davidson
*Attorneys for Defendants Beasts of Bourbon, Inc., John A Reis, and Ami R. Reis*